# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | | |
|---|---|---|
| RITA LAWRENCE, BARBARA KANN AND RAYMOND K. FERWERDA, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 8:09-cv-2162-VMC-TGW |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Benjamin H. Hill, III
Casey G. Reeder
**HILL, WARD & HENDERSON, P.A.**
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Telephone: (813) 222-8719
Facsimile: (813) 221-2900

Sharon L. Rusnak (*pro hac vice pending*)
Dustin Pickens (*pro hac vice to be filed*)
**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

**Counsel for Defendant
Bank of America, N.A.**

# TABLE OF CONTENTS

**Page**

I.   MOTION TO DISMISS ...................................................................................1

II.  SUMMARY OF ARGUMENT .........................................................................1

III. PLAINTIFFS' ALLEGATIONS .......................................................................3

IV.  ARGUMENT ....................................................................................................5

    A.   All Claims Against Bank Of America Should Be Dismissed
        Because Plaintiffs Have Failed To Comply With Federal Rules
        Of Civil Procedure 8(a) And 9(b) ..........................................................5

        1.   Plaintiffs' Conclusory Allegations Compel Dismissal
            Under Rule 8(a)...................................................................5

        2.   Plaintiffs' Fraud-Based Claims Should Be Dismissed for
            Failure to Plead Fraud With Particularity Under Rule 9(b)............9

    B.   In The Alternative, Plaintiffs' Claims Should Be Dismissed
        Pursuant To Federal Rule Of Civil Procedure 12(b)(6) For Failing
        To State A Claim ................................................................................12

        1.   Each Of Plaintiffs' Claims Must Be Dismissed Because
            They Fail To Plead The Elements Of An Aiding And
            Abetting Cause Of Action...................................................12

            a.   Plaintiffs Do Not Allege Actual Knowledge ...........13

            b.   Plaintiffs Do Not Allege Substantial Assistance .....15

        2.   Plaintiffs' Aiding And Abetting Conversion Claim (Count II)
            Fails For The Additional Reason That Plaintiffs Have Not
            Alleged An Underlying Conversion ....................................17

        3.   Plaintiffs' Aiding And Abetting Breach of Fiduciary Duty
            Claim (Count III) Fails For The Additional Reason That
            Plaintiffs Have Not Alleged An Underlying Fiduciary Duty ..............19

V.   CONCLUSION................................................................................................20

## I.     MOTION TO DISMISS

Defendant Bank of America, N.A. ("Bank of America"), pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss each of the claims alleged in Plaintiffs' Complaint against Bank of America.  In support of this Motion, Bank of America states as follows:

## II.     SUMMARY OF ARGUMENT

Banks are not guarantors of their customers' conduct.  Yet Plaintiffs have sued Bank of America simply because its *customer*, Beau Diamond, and his company Diamond Ventures, allegedly engaged in wrongful conduct.  In short, Plaintiffs charge that Diamond operated a fraudulent Ponzi scheme involving purported investments in the off-exchange foreign currency ("forex") markets, that Plaintiffs lost money as a result of Diamond's fraud, and that Bank of America should be held accountable for Plaintiffs' losses because Diamond maintained bank accounts at Bank of America.

Plaintiffs' sweeping, generalized claims against Bank of America all rest on one simple (and insufficient) factual allegation:  Diamond conducted his banking activities with and through Bank of America.  There are virtually no factual allegations about Bank of America, outside of those evidencing a normal banking relationship between Diamond and Bank of America.  Indeed, Plaintiffs allege only that they and Diamond deposited funds into accounts at Bank of America maintained by Diamond and that Bank of America permitted Diamond to withdraw and transfer money out of those accounts.  Plaintiffs offer nothing more.

Instead, with only conclusory allegations, Plaintiffs attempt to bootstrap Bank of

America's legitimate banking activities into claims that Bank of America aided and abetted Diamond's alleged fraud (Count I), his alleged conversion of their funds (Count II), and his alleged breach of fiduciary duty (Count III).

All claims against Bank of America should be dismissed because Plaintiffs have failed to comply with Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. Rule 8(a) requires that the plaintiff in any lawsuit must plead, *inter alia*, a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 9(b) requires that the plaintiff state his fraud-based causes of action with sufficient particularity. In contravention of these rules, Plaintiffs make only conclusory allegations regarding Bank of America's purported knowledge of Diamond's alleged scheme. Moreover, the alleged substantial assistance provided to Diamond by Bank of America amounts only to typical banking services.

Finally, each of the counts against Bank of America should be dismissed for the additional reason that Plaintiffs have failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, Plaintiffs' aiding and abetting causes of action fail because Plaintiffs have not – and cannot – allege that Bank of America knew of Diamond's alleged conduct or that Bank of America provided him with the requisite substantial assistance necessary to state such a claim. Moreover, Plaintiffs have failed to properly allege the wrongful conduct underlying their aiding and abetting conversion and aiding and abetting breach of fiduciary duty claims.

For the reasons set forth more fully below, this Court should dismiss all claims asserted in the Complaint.

### III.   PLAINTIFFS' ALLEGATIONS

Plaintiffs filed this putative class action against Bank of America alleging that they lost money as a result of their investment in an alleged fraudulent Ponzi scheme orchestrated by their alleged friend and/or family member, Beau Diamond.  More specifically, Plaintiffs allege that Diamond, through his company, Diamond Ventures LLC, operated a fraudulent and illegal investment scheme through which he convinced them and others throughout the United States – purportedly Diamond's "family and friends" – to deposit millions of dollars into Bank of America accounts controlled by Diamond for the alleged purpose of having that money traded in the off-exchange foreign currency ("forex") markets.  *See* Complaint at ¶¶ 1, 18-55.  Plaintiffs allege that Diamond falsely represented to these friends and members of his family that he had been trading in the forex markets since he was nineteen years old and that Diamond guaranteed both the safety of the total principal amount of money deposited by these "investors" with Diamond Ventures and also a monthly profit of between 2.75% and 5%.  *Id.* at ¶¶ 21-26.  In reality, Diamond allegedly was using the money deposited by these individuals to operate a Ponzi scheme and to fund certain personal expenses.  *Id.* at ¶ 40.

Plaintiffs do not claim that Bank of America directly participated in Diamond's alleged fraudulent Ponzi scheme.  Plaintiffs also do not allege that Bank of America had any specific knowledge that Diamond Ventures was a Ponzi scheme as opposed to a legitimate business.  Instead, Plaintiffs allege that Bank of America had "a general awareness" of the scheme based on purported "inferences drawn" by Bank of America and its employees.  *Id.* at ¶ 44.  In support of their claim that Bank of America had such a "general awareness" of Diamond's alleged scheme, Plaintiffs allege certain supposed "red flags" that they claim

should have alerted Bank of America to the fraud. *Id.* at ¶¶ 38, 44. Specifically, Plaintiffs allege that:

- Diamond and Diamond Ventures maintained bank accounts at Bank of America (Complaint at ¶¶ 4, 19, 20, 29, 40);

- Diamond, Diamond Ventures, and others deposited funds – sometimes making "exceptionally large deposits" – into those accounts (Complaint at ¶¶ 29, 40, 44);

- Bank of America "presumably" became familiar with Diamond and Diamond Ventures as part of providing him services offered by its Premier Banking and Investments service (Complaint at ¶¶ 33, 37-40, 46);

- Diamond informed Bank of America that Diamond Ventures was an "investment club" (Complaint at ¶ 35);[1]

- Bank of America allowed Diamond and Diamond Ventures to transfer money to other accounts at Bank of America and elsewhere and to spend money that had been deposited in their accounts (Complaint at ¶¶ 40, 44, 48, 72, 78, 84);

- Diamond was not independently wealthy (Complaint at ¶ 40); and

- Diamond and Diamond ventures engaged in certain "atypical business transactions" (Complaint at ¶ 44).

In light of Bank of America's alleged "general awareness" of the purported fraud, Plaintiffs claim that Bank of America aided and abetted Diamond's alleged scheme by virtue of its providing him and Diamond Ventures with certain banking services available to typical banking customers. *See* Complaint at ¶¶ 2, 29-40, 44-55. Specifically, Plaintiffs allege that:

- Bank of America allowed Diamond and Diamond Ventures to bank there (Complaint at ¶¶ 4, 19, 20, 29, 40, 53);

---

[1]     Plaintiffs allege that Bank of America policy does not permit investment club accounts. *See* Complaint at ¶ 35.

- Bank of America provided Diamond and Diamond Ventures with wire transfer capability (Complaint at ¶¶ 8, 48);

- Bank of America provided Diamond and Diamond Ventures with services offered by its Premier Banking and Investments service (Complaint at ¶ 29); and

- Bank of America provided Diamond and Diamond Ventures with a "banking platform" (Complaint at ¶ 48).

These allegations do not plausibly suggest that Bank of America had any actual knowledge of Diamond's alleged fraudulent activity or that it provided him with the substantial assistance required to support Plaintiffs' aiding and abetting causes of action. Rather these and Plaintiffs' other allegations show only that Bank of America provided Diamond and Diamond Ventures with basic banking services. No law provides that a bank can be held liable for conducting *legitimate* business activities with an entity that, as it turns out, also allegedly happens to be committing a fraud against others. Nor can there be if banks are to conduct business.

Accordingly, for all of the reasons more fully discussed herein, Plaintiffs' Complaint should be dismissed in its entirety.

## IV.   ARGUMENT

### A.   All Claims Against Bank Of America Should Be Dismissed Because Plaintiffs Have Failed To Comply With Federal Rules Of Civil Procedure 8(a) And 9(b).

#### 1.   *Plaintiffs' Conclusory Allegations Compel Dismissal Under Rule 8(a).*

A complaint must be dismissed for its failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Davis v.*

*Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (noting that factual allegations must raise a right to relief above the speculative level and that the Rule 8(a) standard is whether allegations plausibly suggest a violation of law); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007).

The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully," *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56), and it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S.Ct. at 1954 ("Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss."). Rather, for a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitle[ment] to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Accordingly, the relevant question is not whether any facts *could be* conjured up that would state a claim for relief, but whether sufficient facts *have been* pled in the first instance to support the alleged legal claims. *Id.* at 1949-52 (noting that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (quoting

Fed. R. Civ. P. 8(a)(2)); *Twombly*, 550 U.S. at 555-57, 570.

The Supreme Court has directed that a court should engage in a two-pronged analysis in determining whether a claim has facial plausibility. *See Iqbal*, 129 S.Ct. at 1949-52. First, the court must determine which allegations are to receive a presumption of truth – bearing in mind that mere legal conclusions are not to be presumed true. *Id.* at 1949-51 (finding that the plaintiffs' allegations amounted to "nothing more than a 'formulaic recitation of the elements' of a . . . claim" and were not entitled to a presumption of truth).

Second, the court must determine whether the well-pleaded facts, when presumed to be true, constitute "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1951-52 (finding that, because there existed lawful reasons for the challenged policy, the plaintiff failed to allege sufficient facts to "'nudg[e] his claim of purposeful discrimination across the line from conceivable to plausible'") (quoting *Twombly*, 550 U.S. at 570). In undertaking this inquiry, a court should be mindful that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Applying this analysis here, Plaintiffs' claims against Bank of America must be dismissed. Indeed, when the Complaint is stripped of its legal conclusions and formulaic recitations of the elements, as is required by *Iqbal*, it becomes clear that Plaintiffs have offered no factual content that would allow a reasonable fact-finder to conclude that Bank of America had any awareness or knowledge of Diamond's alleged Ponzi scheme, or substantially assisted such a scheme. An analysis of paragraphs 35-55 of the Complaint,

which Plaintiffs have affixed with the label "BOA Provides Further Assistance to Diamond," makes this apparent. These paragraphs consist almost exclusively of conclusory allegations, including that Bank of America "presumably became familiar with Diamond and [Diamond Ventures" (¶ 37), "reviewed the account activity" on the various Diamond accounts (¶ 40), "earn[ed] commissions based on amounts of deposits" in the Diamond Ventures accounts (¶ 49), failed to report Diamond's activities to the "authorities" (¶ 51),"actively participated in Diamond's blatant conversion of investor funds" (¶ 51), and "aided and abetted" Diamond's scheme (¶ 54).

The actual factual content – consisting only of allegations that Bank of America provided lawful and proper banking services to Diamond and Diamond Ventures, including the ability to deposit and withdraw money – do not nudge Plaintiffs' aiding and abetting causes of action across the line from conceivable to plausible. As in *Iqbal*, there are logical explanations for these activities which do not provide a basis for the Court to infer scienter on the part of Bank of America or substantial assistance with the alleged fraud here.

Accordingly, Plaintiffs' Complaint fails to satisfy Rule 8(a) and must be dismissed. *See, e.g., Rosner v. Bank of China*, No. 06-CV-13562, 2008 WL 5416380 (S.D. N.Y. Dec. 18, 2008) (granting motion to dismiss where plaintiff failed to plead facts that support the conclusory allegation that the defendant bank had actual knowledge of and substantially assisted its customer's alleged scheme), *aff'd*, No. 09-0333, 2009 WL 3377886 (2d Cir. Oct. 21, 2009); *Burke v. APT Foundation*, 509 F. Supp. 2d 169 (D. Conn. 2007) (granting motion to dismiss based upon *Twombly* pleading standard due to fact that plaintiff failed to clearly allege a conspiracy, providing no factual information that would suggest a

meeting of the minds or other concerted action by the defendants); *Eurycleia Partners, LP v.*

*Seward & Kissel, LLP*, No. 88, 2009 NY Slip Op. 4299, 2009 N.Y. Lexis 1728 (N.Y. Ct.

App. June 4, 2009) (affirming dismissal of complaint where plaintiff failed to plead sufficient

facts to support the inference of aiding and abetting a fraud).

### 2. *Plaintiffs' Fraud-Based Claims Should Be Dismissed for Failure to Plead Fraud with Particularity Under Rule 9(b).*

The pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure are

even more exacting than those of Rule 8(a). Plaintiffs' "aiding and abetting" claims are

subject to these exacting standards because the claims rely on allegations of fraudulent

conduct. *See, e.g., Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1064-65 (11th Cir.

2007) (affirming dismissal of aiding and abetting claim for failing to conform to the

requirements of Rule 9(b)); *Filler v. Hanvit Bank*, 156 Fed. Appx. 413, 417 (2d Cir. 2005)

(dismissing aiding and abetting claim because plaintiffs failed to plead with particularity how

defendants substantially assisted the alleged fraud and how their conduct proximately caused

the plaintiffs' injury); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1131

(C.D. Cal. 2003) ("Where aiding and abetting is the gravamen of the claim, Rule 9(b)

requires that "the complaint . . . inform [the] defendant . . . what he did that constituted . . .

'substantial assistance.'"); *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 254 (D. Md. 2000)

(holding that plaintiff pled only legitimate business dealings which were insufficient to state

an aiding and abetting claim); *Gordon v. Diagnostek, Inc.*, 812 F. Supp. 57, 62 (E.D. Pa.

1993) (dismissing claim for aiding and abetting and recognizing Rule 9(b)'s application to

claim); *Silverman v. Weil,* 662 F. Supp. 1195, 1200 (D.D.C. 1987) (plaintiff must plead

aiding and abetting claim sounding in fraud with particularity), *aff'd*, 839 F.2d 824 (D.C. Cir.

1988); *Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473, 477 (W.D.N.Y. 1987)

("Generalized and conclusory allegations that a defendant aided and abetted the principal

wrongdoers will not suffice."); *Dahl v. Gardner*, 583 F. Supp. 1262, 1268 (D. Utah 1984)

(dismissing aiding and abetting claim for lack of specificity under Rule 9(b)).

     The particularity requirement of Rule 9(b) is intended to (1) provide defendants with

notice of the acts of which the plaintiff complains to enable defendants to frame a response,

(2) prevent fishing expeditions to uncover unknown moral wrongs, and (3) protect

defendants from unfounded accusations of immoral and otherwise wrongful conduct. *Bill*

*Buck Chevrolet, Inc. v. GTE Florida, Inc.*, 54 F. Supp. 2d 1127, 1136 (M.D. Fla. 1999), *aff'd*,

216 F.3d 1092 (11th Cir. 2000).  To satisfy the requirements of Rule 9(b), a plaintiff must set

forth the following in his complaint:

> (1) precisely what statements were made in what documents or oral
> representations or what omissions were made; (2) the time and place
> of each such statement and the person responsible for making (or, in
> the case of omissions, not making) same; (3) the content of such
> statements and the manner in which they misled the plaintiff; and
> (4) what the defendants obtained as a consequence of the fraud.

*Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998) (dismissing

claims for failure to aver fraud with requisite particularity), following *Brooks v. Blue Cross*

*& Blue Shield of Fla.*, 116 F.3d 1364, 1371, 1381-82 (11th Cir. 1997); *see also U.S. ex rel.*

*Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

     Stated differently, in alleging their aiding and abetting claims, Plaintiffs must set forth

the "'who, what, when, where, and how: the first paragraph of any newspaper story.'"

*Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (citations omitted);

*Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005); *Cooper v. Blue Cross &*

*Blue Shield of Florida, Inc.*, 19 F.3d 562, 568 (11th Cir. 1994); *Sewell v. D'Alessandro &
Woodyard, Inc.*, No. 2:07-cv-343, 2008 U.S. Dist. LEXIS 86136, at **15-16 (M.D. Fla. Sept.
29, 2008); *see also Rosner v. Bank of China*, No. 06-CV-13562, 2008 WL 5416380 (S.D.
N.Y. Dec. 18, 2008) (granting motion to dismiss where the plaintiff failed to plead facts
supporting the conclusory allegation that the defendant bank had actual knowledge of and
substantially assisted its customer's alleged scheme), *aff'd*, No. 09-0333, 2009 WL 3377886
(2d Cir. Oct. 21, 2009). Broad, sweeping statements do not suffice, and "vague allegations
that improper practices took place 'everywhere [Defendant] does business throughout the
statutory time period'" are insufficient. *Corsello*, 428 F.3d at 1013.

Furthermore, allegations of "red flags" or "violations of standards" that should have
been known, without more, cannot satisfy the requirements of Rule 9(b). *See Box Office
Entm't, LLC v. Gordon*, No. 05-21010-civ, 2007 U.S. Dist. LEXIS 33984, at ** 19-28 (S.D.
Fla. May 9, 2007); *see also Rosner*, 2008 WL 5416380, at * 6 (holding that the bank's
alleged ignorance of "red flags" as to customer activities does not equate to actual knowledge
of the fraud). Indeed, such arguments amount to nothing more than a suggestion that Bank of
America was somehow negligent by failing to piece together the alleged clues that Plaintiffs
have identified through hindsight. Such allegations are insufficient to sustain an aiding and
abetting cause of action. *See Rosner*, 2008 WL 5416380, at * 6.[2]

Here, Plaintiffs' aiding and abetting claims fail to satisfy Rule 9(b)'s pleading
standards. Like the complaint that the Eleventh Circuit rejected in *Corsello*, Plaintiffs'

---

2       Further, implicit in Plaintiffs' contentions that Bank of America was negligent is that
        Bank of America ***did not know*** of the alleged scheme.

Complaint makes broad and sweeping statements but no specific claims against Bank of America. For example, Plaintiffs make sweeping allegations that the Bank of America had knowledge of Diamond's alleged fraudulent activity and rendered substantial assistance to Diamond in his fraudulent conduct (Complaint at ¶¶ 2, 44, 48); that Bank of America aided and abetted Diamond's fraudulent activities (¶ 54); and that Bank of America became a participant in the fraudulent scheme (¶ 51). But Plaintiffs do not allege a single act by Bank of America in support of any of their claims outside of the provision of typical banking services. Pleading – in a conclusory manner – that Bank of America merely assisted in the alleged fraud is insufficient to support Plaintiffs' aiding and abetting claims. *See Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995); *see also Rosner*, 2008 WL 5416380, at **15-16 (granting motion to dismiss for failing to plead that the bank had actual knowledge of its customer's alleged scheme).

Accordingly, because Plaintiffs set forth no specific allegations relating to Bank of America and fail to plead the who, what, when, and where in support of their fraud-based claims against Bank of America, Plaintiffs' fraud claims (Counts III-VI) should be dismissed with prejudice.

**B.      In The Alternative, Plaintiffs' Claims Should Be Dismissed Pursuant To Federal Rule Of Civil Procedure 12(b)(6) For Failing To State A Claim.**

*1.      Each Of Plaintiffs' Claims Must Be Dismissed Because They Fail To Plead The Elements Of An Aiding And Abetting Cause Of Action.*

Each of Plaintiffs' causes of action is based on an allegation that Bank of America "aided and abetted" Diamond's alleged wrongdoing. *See* Complaint at Counts I-III. To state an aiding and abetting claim, Plaintiffs must allege (1) an underlying violation on the part of

the primary wrongdoer, (2) knowledge of the underlying violation by the alleged aider and abettor, and (3) the aider and abettor's substantial assistance or encouragement of the wrongdoing. *See Bruhl v. PricewaterhouseCoopers Int'l*, No. 03-23044, 2007 WL 983263, at *10 (S.D. Fla. Mar. 27, 2007); *AmeriFirst Bank v. Bomar*, 757 F. Supp. 1365, 1380 (S.D. Fla. 1991); *Tew v. Chase Manhattan Bank, N.A.*, 728 F. Supp. 1551, 1568-69 (S.D. Fla. 1990), *amended*, 741 F. Supp. 220 (S.D. Fla. 1990); *ZP No. 54 Ltd. P'ship v. Fidelity & Deposit Co. of Md.*, 917 So. 2d 368, 372 (Fla. Ct. App. 2005).[3] Plaintiffs have not pled sufficient facts to support a finding that Bank of America had actual knowledge of Diamond's alleged wrongdoing or that Bank of America provided Diamond with substantial assistance.

    **a.**    **Plaintiffs Do Not Allege Actual Knowledge.**

Plaintiffs' aiding and abetting causes of action should be dismissed because Plaintiffs do not – and cannot – allege that Bank of America had actual knowledge of any alleged wrongdoing by Diamond. *See Bruhl*, 2007 WL 983263, at *10; *Tew*, 728 F. Supp. at 1568-69.

In the Complaint, Plaintiffs assert only that Bank of America "presumably" became familiar with Diamond's activities and that it had "a general awareness" of the alleged fraudulent activities based on a few supposed "red flags." *See* Complaint at ¶¶ 37, 40, 44. As such, Plaintiffs have failed to plead facts even remotely suggesting "actual knowledge" by

---

3    There exists some question as to whether Florida recognizes a cause of action for aiding and abetting fraud, *see ZP No. 54*, 917 So. 2d at 372 ("[A]iding and abetting fraud *might* be a tort in Florida.") (emphasis added), and no Florida court has explicitly recognized a cause of action for aiding and abetting conversion.

Bank of America.  Accordingly, a reasonable fact finder could not find that Bank of America

had any indication of Diamond's alleged fraudulent activity, let alone the actual knowledge

required.  *See In re Meridian Asset Mgmt., Inc.*, 296 B.R. 243, 263-64 (Bankr. N.D. Fla.

2003) (dismissing aiding and abetting claim where the alleged aider and abettor had no

knowledge of the underlying breach); *Rosner*, 2008 WL 5416380, at *15-16 (granting motion

to dismiss where plaintiff failed to plead facts supporting the conclusory allegation that the

bank had actual knowledge of and substantially assisted its customer's alleged scheme).

At best, Plaintiffs' allegations suggest a claim that Bank of America was somehow

negligent by failing to piece together supposed clues that Plaintiffs have identified with

hindsight.  But even if Plaintiffs had alleged specific facts suggesting that Bank of America

acted negligently in allowing Diamond and Diamond Ventures to bank with it – which they

have not – such allegations would not be sufficient to sustain an aiding and abetting claim.

*See Rosner*, 2008 WL 5416380, at * 6 (the bank's alleged ignorance of "red flags" as to

customer activities does not equate to actual knowledge of the fraud); *Court Appointed*

*Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*, No. 05-60080, 2008 WL 926513, at

*6 (S.D. Fla. Mar. 31, 2008) (finding that plaintiff's allegations that the defendants had

ignored "atypical activities" and other "red flags" amounted to nothing more than allegations

of negligence and did not give rise to an inference of the "high conscious intent" or

"conscious and specific motivation" to aid the alleged fraud necessary to maintain an aiding

and abetting cause of action).  Indeed, "[a]ssisting, and failure to prevent, are not the same

thing."  *Overseas Private Inv. Corp. v. Industria de Pesco, N.A., Inc.*, 920 F. Supp. 207, 210

(D. D.C. 1996).

Moreover, even if Bank of America suspected nefarious activity, such suspicions would be insufficient to infer actual knowledge of Diamond's alleged Ponzi scheme. *See Ryan v. Hunton & Williams*, No. 99-CV-5938, 2000 WL 1375265, at *9 (E.D.N.Y. Sept. 20, 2000) (finding that "[a]llegations that [a defendant] suspected fraudulent activity . . . do not raise an inference of actual knowledge of [the] fraud").

Accordingly, because Plaintiffs have not pled "actual knowledge," Plaintiffs' aiding and abetting causes of action (Counts I, II, & III) fail as a matter of law.

### b.   Plaintiffs Do Not Allege Substantial Assistance.

Plaintiffs' Complaint falls well short of what is required to demonstrate Bank of America's "substantial assistance" in Diamond's various alleged wrongdoing.  In determining whether an alleged aider and abettor has "substantially assisted" a primary wrongdoer in his perpetration of some alleged nefarious activity, courts will consider the following factors: "the nature of the act encouraged, the amount [and kind] of assistance given; the defendant's absence or presence at the time of the [alleged] tort; [the defendant's] relation to the tortious actor; and the defendant's state of mind." *Nat'l R.R. Passenger Corp. v. Veolia Transp. Services, Inc.*, 592 F. Supp. 2d 86, 96 (D.D.C. Jan. 8, 2009) (quoting *Halberstam*, 705 F.2d at 483-484).

Here, while Plaintiffs concede, as they must, that Diamond was solely responsible for the alleged Ponzi scheme, *see* Complaint at ¶¶ 24-28, they nonetheless make the conclusory allegation that Bank of America "substantially assisted Diamond" in the perpetration of his alleged fraud, *id.* at ¶¶ 1, 2, 48. However, the only "assistance" that Plaintiffs indicate that Bank of America provided to Diamond and Diamond Ventures were basic banking services,

including depositing funds into their bank accounts and the ability to transfer and withdraw money. *Id.* at ¶¶ 8, 48, 53. Such banking activities conducted in the usual course are insufficient to rise to the "substantial assistance" necessary to sustain an aiding and abetting cause of action. *See Rosner*, 2008 WL 5416380, at * 5; *Court Appointed Receiver*, 2008 WL 926513, at *6; *Bruhl*, 2007 WL 983263, at *10; *In re Meridian*, 296 B.R. at 263-64; *ZP No. 54*, 917 So. 2d at 372.

In *Rosner*, the court addressed allegations similar to those alleged here. There, the bank's customer engaged in an alleged fraudulent scheme, and the plaintiff sought to hold the bank defendant liable based upon its failure to detect the fraud through the provision of banking activities. In granting the bank's motion to dismiss, the court found that the complaint at issue did not provide any detail or facts that the bank was doing anything more than providing its usual banking services to a customer and that these facts do not rise to the level of substantial assistance. *Rosner*, 2008 WL 5416380, at *12-13 (citing numerous cases). Plaintiffs' Complaint suffers from the same deficiencies.

Similarly, in *ZP No. 54*, a property owner had discovered that his general contractor was engaged in a bid-rigging scheme on a construction project. 917 So. 2d at 369-70. The property owner brought an action alleging that the surety bonding company aided and abetted the fraud by issuing the bonds upon which the property owner relied in awarding the contract. *ZP No. 54*, 917 So.2d at 370. The court rejected this claim, concluding that issuance of the bonds – a legitimate business activity – could not amount to "substantial assistance" required for the commission of the fraud. *Id.*

The same reasoning applies in this case. Bank of America could not have assisted the

- 16 -

alleged Diamond fraud merely by allowing him (or his companies) to bank with it.

Accordingly, because Plaintiffs have failed to put forth any allegations specifically relating to

Bank of America and because the allegations put forth by Plaintiffs are insufficient to show

"substantial assistance," Plaintiffs' Complaint should be dismissed with prejudice.

### 2.     *Plaintiffs' Aiding And Abetting Conversion Claim (Count II) Fails For The Additional Reason That Plaintiffs Have Not Alleged An Underlying Conversion.*

In addition to their failure to properly plead "actual knowledge" and "substantial

assistance," Plaintiffs' cause of action for aiding and abetting conversion also fails because

Plaintiffs' allegations do not establish that Diamond or Diamond Ventures converted their

funds.  Plaintiffs base their aiding and abetting conversion claim on allegations that Diamond

and Diamond Ventures absconded with their money – with Bank of America allegedly

assisting by accepting deposits into their checking accounts and allowing withdrawals from

those accounts.  *See* Complaint at ¶¶ 74-79.

Conversion is defined as, "an act of dominion wrongfully asserted over another's

property inconsistent with his ownership therein.  In essence, conversion is an unauthorized

act which deprives another of his property permanently or for an indefinite time.  It is the

disseisin of the owner or an interference with legal rights which are incident to ownership,

such as a right to possession." *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633,

2008 WL 660100, at *4 (S.D. Fla. March 7, 2008) (quotation omitted).  "Florida courts have

identified three elements necessary to state a claim for conversion: (1) an act of dominion

wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership

therein." *Id.*  Money may be the subject of a conversion claim where there exists a specific

fund capable of separate identification. *Id.* "Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit." *Id.* (quotation omitted). Where the parties have an open account, and the alleged convertor is not required to pay the plaintiff identical moneys which he collected, there can be no action in tort for conversion. *See Belfor USA Group, Inc. v. Bray & Gillespie, LLC*, No. 05-1624, 2007 WL 4570814, at *3 (M.D. Fla. Dec. 27, 2007); *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970).

Plaintiffs' claim of conversion fails because they fail to allege facts showing that they delivered funds to Diamond and/or Diamond Ventures at one time, by one act, or in one mass, and they admit that Diamond and Diamond Ventures were under no obligation to pay them the identical moneys which they obtained from them. Indeed, Plaintiffs specifically allege that they authorized Diamond to trade in the forex markets with at least 15% of the principal amount of money that they deposited in the Diamond Ventures accounts. *See* Complaint at ¶ 24. Moreover, although they claim that Diamond guaranteed the funds being used in forex trading against any losses, Plaintiffs acknowledge that any rebate of lost principal would have come out of a "reserve account" and not out of the money actually deposited by them.

Nor can Plaintiffs maintain a conversion action against Bank of America because it was under no duty to oversee how its customers were using the funds that they deposited. As explained in *In re Meridian*, conversion is not a viable cause of action against a bank because "a banking customer has a right to do as he wishes with the funds in his account . . . [c]ase

- 18 -

law imputes no duty on banks to monitor or micro-manage a customer's actions or his money . . . the Bank cannot be held liable in conversion for what [the customer] did with the funds in its own accounts." 296 B.R. at 265.

Accordingly, Plaintiffs' aiding and abetting conversion claim (Count II) must be dismissed with prejudice.

### 3.  *Plaintiffs' Aiding And Abetting Breach of Fiduciary Duty Claim (Count III) Fails For The Additional Reason That Plaintiffs Have Not Alleged An Underlying Fiduciary Duty.*

In addition to their failure to properly plead "actual knowledge" and "substantial assistance," Plaintiffs' cause of action for aiding and abetting breach of fiduciary duty also fails because Plaintiffs' allegations do not establish that Diamond or Diamond Ventures owed a fiduciary duty to Plaintiffs or any member of the putative class.  A fiduciary relationship can either be express or implied.  *See, e.g., In re Meridian,* 296 B.R. at 262.  An express fiduciary relationship is created by a contract between the two parties, as in principal/agent, or through a legal proceeding in the case of a guardian/ward.  *Id.*  An implied fiduciary relationship, on the other hand, is based on the specific facts and circumstances surrounding the transaction and the relationship of the parties, such as when "confidence is reposed by one party and a trust accepted by the other."  *Id.*

In this case, Plaintiffs fail to set forth any allegations showing that Diamond or Diamond Ventures owed them either an express or an implied fiduciary duty.  Certainly there are no allegations of a contract or other legal relationship which would create an express fiduciary duty.  Plaintiffs similarly fail to allege any facts to establish that Diamond or Diamond Ventures accepted or agreed to "advise, counsel, or protect" the Plaintiffs such that

Diamond or Diamond Ventures held an implied fiduciary obligation.  Plaintiffs' generic allegations regarding Diamond's alleged "promises" of no risk investments yielding monthly profits ranging between 2.75% and 5%, Complaint at ¶¶ 24-26, are wholly insufficient. Diamond purported to sell Plaintiffs investments, nothing more.  These allegations without any more cannot support a claim that Diamond or Diamond Ventures owed an implied fiduciary duty to Plaintiffs.

Plaintiffs entered into arm's-length business transactions with Diamond and Diamond Ventures.  Such arm's-length transaction between a buyer and seller of commercial goods or services does not create a fiduciary relationship as a matter of law.  *See, e.g., Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989) (dismissing claim for breach of fiduciary duty where complaint indicated arm's-length transaction); *Mac-Gray Servs., Inc. v. DeGeorge*, 913 So. 2d 630, 633 (Fla. Ct. App. 2005) ("When the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other").

With no viable fiduciary duty, Plaintiffs obviously cannot show that Diamond or Diamond Ventures breached that duty or show that Bank of America aided and abetted any such breach of duty.  *See Rogers v. Nacchio*, 241 Fed. Appx. 602, 609 (11th Cir. 2007) (dismissing aiding and abetting claim when there was no underlying claim upon which to base aiding and abetting).  Accordingly, Count III should be dismissed with prejudice.

## V.   CONCLUSION

As demonstrated above, Plaintiffs' claims must be dismissed because they have failed to plead their claims in accordance with Rules 8(a) and 9(b) of the Federal Rules of Civil

Procedure. Additionally, Plaintiffs have failed to state aiding and abetting causes of action. The facts alleged do not support a finding that Bank of America had actual knowledge of Diamond's alleged fraudulent Ponzi scheme or that it substantially assisted Diamond in furtherance of his scheme. Moreover, Plaintiffs have failed to allege the underlying violations supporting their aiding and abetting conversion and aiding and abetting breach of fiduciary duty claims. Accordingly, Defendant Bank of America respectfully requests that this Court dismiss Plaintiffs' Complaint entirely and with prejudice.

Date:   December 22, 2009

Respectfully submitted,

/s/ Benjamin H. Hill, III
Benjamin H. Hill, III (FBN 094585)
bhill@hwhlaw.com
Casey G. Reeder (FBN 041986)
creeder@hwhlaw.com
**HILL, WARD & HENDERSON, P.A.**
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Telephone:   813-227-3900
Facsimile:   813-221-2900

Sharon L. Rusnak   (*pro hac vice pending*)
Dustin Pickens (*pro hac vice to be filed*)
**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone:   412-288-3131
Facsimile:   412-288-3063

*Attorneys for Defendant Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 22, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

<u>/s/ Benjamin H. Hill, III</u>
Attorney for Defendant
Bank of America, N.A.