UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RITA LAWRENCE, BARBARA KANN,**
**RAYMOND K. FERWERDA, individually**
**and on behalf of all other similarly situated,**

          **Plaintiffs,**

v.                                  CASE NO.: 8:09-cv-2162-VMC-TGW

**BANK OF AMERICA, N.A.,**

          **Defendant.**
_____/

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs hereby oppose Defendant Bank of America, N.A.'s ("Defendant") Motion for Leave to File a Reply in Support of its Motion to Dismiss Plaintiffs' Complaint (Doc. 21) ("Motion").

In support of their Opposition, Plaintiffs state as follows:

1.    Defendant seeks leave to file a seven-page reply brief to address why the so-called "actual knowledge" standard – and not the "general awareness" standard – applies to Plaintiffs' aiding and abetting causes of action. Motion, ¶5.

2.    In its Motion, Defendant expressly states what its argument will be – "The general awareness standard advanced by Plaintiffs is applicable only to claims for aiding and abetting violations of the securities acts" and RICO. Motion, ¶4. Having done so, the need for a reply has been obviated.

3.    It is respectfully suggested that Defendant's foregoing premise is faulty. Numerous courts, including those relied upon by Defendant, have applied the pleading standard set forth in *Woodward v. Metro Bank of Dallas*, 522 F.2d 84 (5th Cir. 1975); *Woods v. Barnett*

*Bank of Ft. Lauderdale*, 765 F.2d 1004 (11th Cir. 1985) and *Abbott v. Equity Group, Inc.*, 2 F.3d 613 (5th Cir. 1993) to common law aiding and abetting claims. *See Bruhl v. Price WaterhouseCoopers Int'l.*, 2008 WL 899258, at * 2 (S.D. Fla. March 31, 2008); *AmeriFirst Bank v. Bomar*, 757 F.Supp. 1365, 1379 (S.D. Fla. 1991) (common law aiding and abetting liability alleged where defendant "was <u>aware</u> of the scheme, and . . . he knowingly assisted in the plan.") (emphasis added); *Tew v. Chase Manhattan Bank, N.A.*, 728 F.Supp. 1551, 1568-1569 (S.D. Fla. 1990) (contention that actual knowledge must be alleged expressly rejected as facts alleging "mere recklessness" [read "general awareness"] will suffice).

4. Where, as here, "the Court is capable of determining the status of the law in the face of the conflicting memoranda submitted by the parties herein, . . . it would be unfair for Defendant to get a 'second bite at the apple' by considering [a] second brief on the issue." *Shaw v. R.J. Reynolds Tobacco Co.*, 818 F.Supp. 1539, 1540 (M.D. Fla. 1993).

WHEREFORE, Plaintiffs respectfully request that Defendant's Motion for Leave to File a Reply be denied.

Date:   February 19, 2010.                                Respectfully submitted,

/s/ Randolph L. Smith
Randolph L. Smith, Trial Counsel
Fla. Bar No.: 712221
**LAKIN SMITH, P.A**.
1401 Manatee Avenue West, Suite 1100
Bradenton, FL  34205
Telephone:  941-746-5529
Facsimile:   941-750-6529
rsmith@lakinsmith.com

Andre R. Perron, Trial Counsel
Fla. Bar No.: 628425
**OZARK, PERRON & NELSON, P.A.**
2816 Manatee Avenue West
Bradenton, FL  34205
Telephone:  941-750-9760

Facsimile:  941-750-9761
arperron@opnlawgroup.com

Steven N. Berk, Trial Counsel
DC Bar No. 483270
steven@berklawdc.com
**BERK LAW PLLC**
1225 Fifteenth Street, NW
Washington, DC  20005
Telephone:  202-232-7550
Facsimile:  202-232-7556

Attorneys for Individual and Representative Plaintiffs Rita Lawrence, Barbara Kann and Raymond K. Ferwerda

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19th, 2010, I electronically filed the foregoing with the Clerk of Court by using the ECF system and service was made on the following counsel of record in the manner indicated below:

Benjamin H. Hill, III, Esq.
Casey G. Reeder, Esq.
**Hill, Ward & Henderson, P.A.**
3700 Bank of America Plaza
101 E. Kennedy Boulevard
Tampa, FL  33602
*Via ECF Notification*

Sharon L. Rusnak, Esq.
**Reed Smith LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
*Via ECF Notification*

/s/ Randolph L. Smith