UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA LAWRENCE, BARBARA KANN,
and RAYMOND K. FERWERDA,
individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.                   CASE NO:  8:09-cv-2162-T-33TGW

BANK OF AMERICA, N.A.,

       Defendant.

_____/

## ORDER

This cause comes before the Court pursuant to Defendant Bank of America's ("BoA") Motion to Dismiss (Doc. # 14). Plaintiffs Rita Lawrence, Barbara Kann, and Raymond K. Ferwerda ("Plaintiffs") oppose the Motion (Doc. # 19), and BoA has replied (Doc. # 31).

## I. BACKGROUND

Plaintiffs allege the following in their Complaint (Doc. # 1):

From April 2006 until early 2009, using BoA's services, Florida resident Beau Diamond orchestrated a Ponzi scheme in the name of Diamond Ventures LLC ("DV"), the entity he formed for the purported purpose of trading in the off-exchange

foreign currency markets.

Diamond had a personal banking relationship and an account with BoA that predated the formation of DV. Less than one month after he formed DV, Diamond opened an account for Diamond Ventures ("DV Account") at BoA's Siesta Key, Florida branch. Because of the value of the deposits Diamond was making into the DV Account, BoA transferred the DV Account from the Siesta Key branch to BoA's Premier Banking Division.

Over the course of 32 months, the Premier Banking representatives assigned to the DV Account presumably learned about Diamond's financial situation through information provided by Diamond, including the "fact" that he was running an investment club, and by tracking DV's transactions. From April 2006 through December 2008, more than $37,600,000 was transferred from investors into the DV Account, including significant funds from the Plaintiffs.

Diamond guaranteed investors a return of their deposits and monthly returns of between 2.75% and 5% on their investment. Although Diamond invested approximately $15,200,000 in foreign exchange trading accounts, DV never realized a profit; in fact, this trading resulted in net losses. Despite these losses, Diamond sent investors 2,300 checks totaling more than $15,600,000 over the 32-month

2

period, all paid out of the DV Account.  DV also sent investors monthly electronic statements showing they were realizing the profits Diamond had promised them.

From May 2006 to December 2008, Diamond charged $182,500 in personal expenses to the DV Account's debit card. Additionally, he wired large amounts of money to his attorney, a business associate, his office manager, his father, and overseas banks.  In total, Diamond allegedly used at least $1,100,000 for the benefit of himself or his associates.

During the 32-month period, the DV Account was overdrawn twice — once in July 2008 and again in November 2008.

On January 9, 2009, Diamond e-mailed his investors announcing that all of their funds were lost due to the economic crisis.  Plaintiffs lost almost all of the money they invested with DV.

On September 3, 2009, the Commodity Futures Trading Commission filed a complaint against Diamond and Diamond Ventures, alleging that Diamond and Diamond Ventures were carrying out a Ponzi scheme.

In Counts I, II and II, Plaintiffs allege BoA aided and abetted Diamond and DV in the commission of fraud, conversion, and breach of fiduciary duty because, as a result of the banking relationship BOA had with Diamond and DV, BOA had a

general awareness of the nature of Diamond and DV's activities, yet BoA permitted Diamond and DV to use BOA's services to conduct such activities.

## II.  STANDARD OF REVIEW

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).

The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

However, the Supreme Court explains that:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

4

> enough to raise a right to relief above the
> speculative level on the assumption that all the
> allegations in the complaint are true (even if
> doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations

omitted).  Further, courts are not "bound to accept as true a

legal conclusion couched as a factual allegation." Papasan v.

Allain, 478 U.S. 265, 286 (1986).

To survive a motion to dismiss, a complaint must allege

sufficient facts, accepted as true, to state a plausible claim

for relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

But where a complaint contains well-pleaded facts, if those

facts "do not permit the court to infer more than the mere

possibility of misconduct," the complaint stops short of

plausibility and does not show the plaintiff is entitled to

relief.  *Id.* at 1950.

**III.  <u>ANALYSIS</u>**

BoA moves to dismiss this case on the ground that

Plaintiffs have failed to state a claim for which relief can

be granted under Federal Rule of Civil Procedure 12(b)(6).

Each of Plaintiffs' causes of action is based on an allegation

that BoA "aided and abetted" Diamond's alleged wrongdoing,

including fraud, conversion, and breach of fiduciary duty.

(Doc. # 1 Counts I, II, & III).  To state an aiding and

5

abetting claim, Plaintiffs must allege (1) an underlying violation on the part of the primary wrongdoer, (2) knowledge of the underlying violation by the alleged aider and abettor, and (3) the aider and abettor's knowing rendition of substantial assistance in the commission of the wrongdoing. See Hines v. Fiserv, Inc., No. 8:08-cv-2569-T-30AEP, 2010 WL 1249838 at *4 (M.D. Fla. March 25, 2010); Bruhl v. Pricewaterhousecoopers Int'l, No. 03-23044-Civ., 2007 WL 983263 at *10 (S.D. Fla. March 27, 2007); AmeriFirst Bank v. Bomar, 757 F. Supp. 1365, 1380 (S.D. Fla. 1991); Tew v. Chase Manhattan Bank, N.A., 728 F. Supp. 1551, 1568-69 (S.D. Fla. 1990), amended, 741 F. Supp. 220 (S.D. Fla. 1990); ZP No. 54 Ltd. P'ship v. Fidelity & Deposit Co. of Md., 917 So. 2d 368, 372 (Fla. 5th DCA 2005).

The Court finds Plaintiffs' aiding and abetting causes of action fail to state claims on which relief can be granted because Plaintiffs fail to plead facts sufficient to establish, beyond mere speculation, that BoA had actual knowledge of Diamond's fraud, conversion, or breach of fiduciary duty or that BoA knowingly rendered substantial assistance in the commission of Diamond and DV's wrongdoing.

**A.   Plaintiffs have failed to plead facts sufficient to plausibly suggest that BoA had actual knowledge of Diamond's wrongdoing.**

In order for a claim of aiding and abetting to survive a motion to dismiss, the plaintiff must allege that the defendant had actual knowledge of the underlying wrongdoing. See Hines, No. 8:08-cv-2569-T-30AEP, 2010 WL 1249838 at *4. "[W]hile the element of actual knowledge may be alleged generally, the plaintiff still must accompany that general allegation with allegations of specifics 'facts that give rise to a strong inference of actual knowledge regarding the underlying fraud." Rosner v. Bank of China, No. 06 CV 13562, 2008 WL 5416380 at *5 (S.D.N.Y. Dec. 18, 2008)(quoting JP Morgan Chase Bank v. Winnick, 406 F. Supp. 2d 247, 253 (S.D.N.Y. 2005)). In Rosner, where the representative of investors who were defrauded of more than $25 million by a bank's client alleged the bank aided and abetted the fraud, the United States District Court for the Southern District of New York held the plaintiff failed to plead facts sufficient to give rise to a strong inference of actual knowledge regarding the underlying fraud. Id. Although the plaintiff alleged that the defendant bank's actual knowledge of its customer's underlying fraud was based in part on "obvious 'red

7

flags,'" including atypical and non-routine banking transactions, id. at *6, the court found the bank's knowledge of "red flags" or unusual banking activity did not equate to actual knowledge of the underlying fraud, id. at *6-7.

Moreover, the United States District Court for the Southern District of Florida found a plaintiff's allegations that the defendants had ignored "atypical activities" and other "red flags" did not constitute the conscious awareness of wrongdoing necessary to maintain an aiding and abetting cause of action. Ct. Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd., No. 05-60080-Civ., 2008 WL 926513 at *6 (S.D. Fla. March 31, 2008).

Like the plaintiffs in Rosner and Citco, Plaintiffs allege BoA had actual knowledge of Diamond and DV's alleged wrongdoing because Diamond and DV conducted atypical transactions involving unusually large amounts of money, and BoA representatives assigned to the DV Account were generally aware of these transactions and other red flags that should have alerted them to the true nature of Diamond and DV's activities.

When all of Plaintiffs' conclusory statements are removed from the Complaint, the remaining factual allegations related to BoA's knowledge of Diamond and DV's alleged wrongdoing are

as follows:

1.   Diamond and DV maintained bank accounts at BoA (Doc. # 1
     ¶¶ 4, 19, 20, 29, 40);

2.   Diamond, DV, and others deposited funds — sometimes
     making "exceptionally large deposits" — into these
     accounts (Doc. # 1 ¶¶ 29, 40, 44);

3.   BoA representatives presumably became familiar with
     Diamond and DV as part of providing BoA's Premier Banking
     and Investment services (Doc. # 1 ¶¶ 33, 37-40, 46);

4.   Diamond informed BoA that DV was an "investment club"
     (Doc. # 1 ¶ 35);

5.   BoA policy does not permit investment club accounts (Doc.
     # 1 ¶ 35);

6.   BoA allowed Diamond and DV to transfer money to other
     accounts at BoA and elsewhere and to spend money that had
     been deposited in their accounts (Doc. # 1 ¶¶ 40, 44, 48,
     72, 78, 84);

7.   Diamond was not independently wealthy (Doc. # 1 ¶ 40);
     and

8.   Diamond and DV engaged in certain "atypical business
     transactions" (Doc. # 1 ¶ 44).

These allegations do not adequately allege that BoA had
actual knowledge of Diamond or DV's alleged fraud, conversion,

or breach of fiduciary duty.  Although Plaintiffs have alleged that BoA representatives had a "general awareness" of certain pieces of the Diamond and DV puzzle, the facts alleged are not sufficient to give rise to a plausible inference that BoA had put the puzzle together, or even that it had enough of the pieces to do so.

**B.   Plaintiffs have failed to plead facts sufficient to plausibly suggest that BoA knowingly rendered substantial assistance in the commission of Diamond's wrongdoing.**

In order for an aiding and abetting cause of action to survive a motion to dismiss, the plaintiff must also plead that the defendant knowingly rendered substantial assistance in the commission of the wrongdoing.  See Hines, No. 8:08-cv-2569-T-30AEP, 2010 WL 1249838 at *3.  "Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so . . . ." Id.   In Rosner, the court found the plaintiff's allegation that the defendant bank permitted its wrongdoer client to enact "atypical and non-routine" transactions was merely a conclusory allegation.  Rosner, No. 06 CV 13562, 2008 WL 5416380 at *12-13.  The court found the factual allegations — that the bank permitted its client, the wrongdoer, to "create accounts, transfer funds among accounts, and make withdrawals

from accounts" — were insufficient to establish that the defendant bank had substantially assisted in its client's fraud.

As in <u>Rosner</u>, Plaintiffs make the conclusory allegation that BoA permitted Diamond and DV to "engage in atypical" (Doc. # 1 ¶ 44) or "dubious and suspicious" (Doc. # 19 p.5) transactions without reporting them to the proper authorities (Doc. # 1 ¶¶ 50, 78).  The Court finds the only real factual allegations related to BoA's alleged knowing rendition of substantial assistance are as follows:

1.   BoA allowed Diamond and DV to bank with BoA (Doc. # 1 ¶¶ 4, 19, 20, 29, 40, 53);

2.   Bank of America provided Diamond and Diamond Ventures with wire transfer capability (Doc. # 1 ¶¶ 8, 48);

3.   BoA provided Diamond and DV with a "banking platform" (Doc. # 1 ¶ 48).

These allegations do not adequately allege that BoA affirmatively assisted, concealed, or otherwise knowingly rendered substantial assistance in Diamond and DV's alleged commission of fraud, conversion, or breach of fiduciary duty. These allegations simply support that BoA provided Diamond and DV with basic banking services available to BoA customers.

Because Plaintiffs' allegations "do not permit the court

11

to infer more than the mere possibility of misconduct," <u>Iqbal</u>,
129 S. Ct. at 1950, the Complaint stops short of plausibility
and does not show Plaintiffs are entitled to relief.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Motion to Dismiss (Doc. # 14) is **GRANTED.**
The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of
August, 2010.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:

All Counsel of Record