UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA LAWRENCE, et al.,

       Plaintiffs,

v.                      CASE NO:  8:09-cv-2162-T-33TGW

BANK OF AMERICA, N.A.,

       Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiffs' Motion for Rehearing and Reconsideration of Order Dismissing Plaintiffs' Complaint (Doc. # 34). Defendant filed an Opposition thereto (Doc. # 35).

    The Court previously granted Defendant's Motion to Dismiss (Doc. # 14). Plaintiffs now move the Court to reconsider its Order and/or grant Plaintiffs leave to file an amended complaint.

    There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy

to be employed sparingly.  See id. (citations omitted).  "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision."  Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999); see also Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).  Plaintiffs' motion is based on the availability of new evidence and on the need to correct clear error or to prevent manifest injustice.

Upon review of Plaintiffs' motion, the Court finds that it should be denied as Plaintiffs' proffered new evidence is insufficient to establish a claim, and Plaintiffs have not shown that there is a need to correct clear error or to prevent manifest injustice.  It is well established in the Eleventh Circuit that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). Plaintiffs have made no showing as to when they discovered the purported new evidence or why they could not have discovered the evidence prior to the Court's Order dismissing the complaint.

2

Further, Plaintiffs arguments as for the need to correct clear error, they are simply a rehashing of arguments the Court has already rejected and an attempting to refute the basis for the Court's earlier decision.  As such, the Court finds that reconsideration is not warranted.

Plaintiffs also seek leave to file an amended complaint. The Court notes, however, that Plaintiffs failed to seek leave to amend prior to the Court's ruling on the motion to dismiss. "A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002).  The Court finds that, in addition, Plaintiffs' belated grounds for amendment would be futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004)(amendment is futile where the amended claims would be dismissed as a matter of law).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Rehearing and Reconsideration of Order Dismissing Plaintiffs' Complaint (Doc. # 34) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th

day of May, 2011.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE



Copies:

All Counsel of Record

4